Filed:  May 29, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-2366
(CA-91-141-L)

George Barghout,

Plaintiff - Appellee,

versus

Bureau of Kosher Meat, etc., et al,

Defendants - Appellants.

O R D E R

The Court amends its opinion filed April 23, 1998, as follows:

On the cover sheet, section 3, line 4 -- the district court number is corrected to read "CA-91-141-L."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE BARGHOUT,
<u>Plaintiff-Appellee,</u>

v.

BUREAU OF KOSHER MEAT AND FOOD
CONTROL; MAYER KUREFELD,
Inspector; MAYOR AND CITY
COUNCIL OF BALTIMORE,                          No. 96-2366
<u>Defendants-Appellants,</u>

and

JOSEPH NELKIN; JOSEPH ROBISON,
Individually and in his official
capacity as Mayor of Laurel,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-91-141-L)

Submitted: February 27, 1998

Decided: April 23, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

Otho M. Thompson, Acting City Solicitor, Burton H. Levin, Principal
Counsel, Baltimore, Maryland, for Appellants. Karen J. Detling,

KENNY, VETTORI & ROBINSON, P.A., Baltimore, Maryland; Susan Goering, Deborah Jeon, AMERICAN CIVIL LIBERTIES UNION OF MARYLAND, Baltimore, Maryland; Imad K. Dajani, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Barghout brought this action seeking a declaration that ordinances of the City of Baltimore regulating fraud in the sale of food labeled as kosher violated the Constitution.**1** In a prior appeal, this court affirmed a decision by the district court holding the Baltimore ordinances to be unconstitutional as violative of the Establishment Clause of the First Amendment. See Barghout v. Bureau of Kosher Meat & Food Control, 66 F.3d 1337 (4th Cir. 1995). Following the decision of this court, Barghout petitioned the district court for an award of attorneys' fees and costs incurred in this court on appeal and in the district court prior to the initial appeal. The district court granted Barghout's petitions. Baltimore now appeals the portion of the award that allowed attorneys' fees incurred in the district court prior to the initial appeal, arguing that Barghout's request was untimely. We agree.

I.

Counsel for Barghout submitted two petitions for attorneys' fees and costs. The first such petition sought a total of $6,000 in attorneys'

_____

**1** Barghout named the Bureau of Kosher Meat and Food Control, the Mayor and City Council of Baltimore, and Mayer Kurefeld as Defendants. For ease of reference, we refer to these Defendants collectively as "Baltimore."

2

fees and expenses incurred by Imad Dajani, Barghout's trial counsel; all of this amount was attributable to work performed in the district court prior to the appeal to this court. An additional petition was filed seeking to recover a total of $9,713.91 in attorneys' fees and expenses for attorneys employed by the American Civil Liberties Union (ACLU),**2** of which only $648 was attributable to work performed in the district court prior to the initial appeal.

Baltimore did not challenge the petitions except to the extent that Barghout requested attorneys' fees for the time his attorneys spent in the district court prior to the appeal to this court. As to this $6,648, Baltimore argued that the petitions requesting attorneys' fees were untimely under Federal Rule of Civil Procedure 54(d)(2)(B) because they were not filed within 14 days after entry of the judgment of the district court. Dajani responded that the time for filing a request for attorneys' fees was tolled by the filing of a post-trial motion to alter or amend the judgment and the filing of a notice of appeal. The ACLU contended that it could not have filed within 14 days of the district court judgment because it did not become counsel of record until after that date. The ACLU also asserted that although the work it performed in the district court was in response to the post-trial motion, the work should be considered appellate work, for which the petitions were timely, because the work was done in preparation for the appeal.

Without addressing the timeliness question, the district court awarded the full amount of the attorneys' fees and costs requested. Baltimore now appeals to the extent that the district court awarded $6,648 in attorneys' fees attributable to the time spent for work performed in district court prior to the initial appeal.

II.

Federal Rule of Civil Procedure 54(d)(2)(B), governing the time for filing requests for attorneys' fees, provides in pertinent part:

---

**2** For ease of reference, we refer to the attorneys employed by the ACLU collectively as "the ACLU."

3

> Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment.

A judgment includes "any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Advisory Committee's notes to Rule 54 indicate that one of the reasons for the imposition of a time limitation "is to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. P. 54 advisory committee's notes.

The district court ruled in favor of Barghout on the merits of his action and entered judgment on October 10, 1993. Thereafter, a timely post-trial motion and responses were filed. See Fed. R. Civ. P. 59. In April 1994, Dajani moved for and was granted leave to withdraw as counsel, and the ACLU--which had previously participated as amicus curiae--entered an appearance on behalf of Barghout on April 26, 1994. Although the district court ruled on the post-trial motion on June 10, 1994, Barghout did not file a request for attorneys' fees and costs until after the 1995 decision of this court. Obviously, Barghout's request for attorneys' fees was not timely insofar as it sought reimbursement for time attributable to proceedings in the district court prior to the initial appeal.

Dajani's claim that the post-trial motion and notice of appeal stayed the time for filing the request for attorneys' fees is contrary to the language of the rule and the Advisory Committee's notes. See Fed. R. Civ. P. 54 advisory committee's notes. The ACLU errs in contending that because it did not enter an appearance as counsel until after the district court issued its October 10, 1993 judgment, it could not have complied with the rule. Nothing prevented the ACLU from moving the court within 14 days of the denial of the post-trial motion, which undoubtedly was a ruling from which appeal could be taken. See id. Finally, we reject the argument of the ACLU that the attorneys' fees incurred were related to the appeal; this argument could apply equally to all work undertaken in the district court, thereby eviscerating the Rule 54(d)(2)(B) time requirement.

The question remains, however, whether the order of the district court awarding the attorneys' fees can be viewed as a tacit grant of

4

an extension of time to file the petitions since Rule 54(d)(2)(B) provides that requests for attorneys' fees must be filed within 14 days "[u]nless otherwise provided by statute or order of the court." We conclude that the order cannot be so construed. Federal Rule of Civil Procedure 6(b) provides:

> When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed ... or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

This rule did not authorize the district court to extend the time to petition for attorneys' fees in the award order. No enlargement of time or request therefor was made during the 14-day period following judgment. And, neither Dajani nor the ACLU has taken the position that the failure to timely file the attorneys' fee requests was attributable to excusable neglect.

III.

Consequently, we reverse the award of attorneys' fees to the extent that it includes the $6,648 attributable to work performed in the district court prior to the initial appeal.

REVERSED

5